PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERESA HAWN, *et al.*, | ) | |
| | ) | CASE NO. 4:22CV1337 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| BAJCO 100, LLC, *et al.* | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** [Resolving ECF No. 6] |

Pending before the Court is Plaintiffs Teresa Hawn, Nichole Hawn, and Dewitt Slade's Motion to Send Notice to Similarly Situated Employees. *See* ECF No. 6. Defendants opposed the Motion and suggested modifications, in the alternative. *See* ECF No. 11. Plaintiffs replied. *See* ECF No. 13. The Court heard argument from the parties during the Case Management Conference and solicited supplemental briefing. *See* ECF Nos. 20, 21. Having been informed by the above and applicable law, the Court grant's Plaintiff's motion (ECF No. 6) in part. The Court also adopts the modifications as indicated herein. All other modifications proposed by Defendants are rejected.

## I.   Background

Plaintiffs move the Court to conditionally certify this matter as an FLSA collective action and authorize that notice of the pendency of this action be sent to similarly situated co-workers. Plaintiffs suggest that notice be given to the following:

> All current and former delivery drivers employed at the Papa John's stores owned, operated, or controlled by Defendants between the date three years prior to filing of the original complaint and the date of the Court's Order approving notice.

(4:22CV1337)

ECF No. 6 at PageID #: 187. The Notice proposed by Plaintiffs is provided at ECF No. 6-4.

## II. Legal Standard

Under the FLSA, one or more employees may bring an action against an employer "for and on behalf of himself and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Albright v. Gen. Die Casters, Inc.*, No. 5:10CV0480, 2010 WL 6121689, at *1 (N.D. Ohio July 14, 2010) (Gwin, J.) (citing 29 U.S.C. § 216(b)). "Similarly situated persons are permitted to 'opt into' the suit. This type of suit is called 'collective action.' It is distinguished from the opt-out approach utilized in class actions under Fed. R. Civ. P. 23." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).

The Court of Appeals for the Sixth Circuit has "implicitly upheld a two-step procedure for determining whether a FLSA case should proceed as a collective action." *In re HCR ManorCare, Inc.*, No. 113866, 2011 WL 7461073, at *1 (6th Cir. Sept. 28, 2011) (further citation omitted); *see also Cox v. Entertainment U.S.A. of Cleveland, Inc.*, No. 1:13CV2656, 2014 WL 4302535, at *1 (N.D. Ohio Aug. 29, 2014) (Nugent, J.). "The first [phase] takes place at the beginning of discovery. The second occurs after all of the opt-in forms have been received and discovery has concluded." *Comer*, 454 F.3d at 546 (quotation marks and citations omitted).

At the first step, the plaintiff bears the burden of showing that the employees in the class are "similarly situated." *Id.* at 546. To satisfy this burden at this initial notice stage, the plaintiff must only "make a modest factual showing" that she is similarly situated to the other employees

2

(4:22CV1337)

she is seeking to notify. *Id.* 547 (citation omitted). The standard at the notice phase is "fairly lenient . . . and typically results in 'conditional certification' of a representative class [.]'" *Id.* at 547 (quoting *Morisky v. Public Serv. Elec. & Gas Co.*, 111 F. Supp.2d 493, 497 (D.N.J. 2000)) (further citation omitted).

When some discovery has been conducted prior to certification, some Sixth Circuit courts have held plaintiffs to a slightly increased modest "plus" standard, "compar[ing] Plaintiffs' allegations set forth in their Complaint with the factual record assembled through discovery" to assess the likelihood that a similarly situated class exists. *Creely v. HCR ManorCare, Inc.*, 789 F. Supp.2d 819, 827 (N.D. Ohio 2011) (Zouhary, J.). At an intermediate phase, the court still utilizes a lenient standard, but requires that the plaintiffs "have shown some progress as a result of the discovery as measured against the original allegations and defenses." *Id.* A full analysis of the merits of all parties arguments takes place later, during the stricter second phase review. *Matusky v. Avalon Holdings Corp.*, No. 4:17CV1535, 2018 WL 4680478 (N.D. Ohio Sept. 28, 2018) (Pearson, J.).

### III.     Analysis

**A. Similarly Situated Class**

Plaintiffs move the Court to conditionally certify this case as an FLSA collective action pursuant to 29 U.S.C. § 216(b) and direct that notice be sent to employees identified as similarly situated. *See* ECF No. 6. Specifically, Plaintiffs request the Court to "to (1) authorize Plaintiffs to send notice of this action to the delivery drivers who have worked at Defendants' Papa John's stores dating back three years prior to the filing of the complaint, (2) approve the Plaintiffs' proposed Notice and methods of disseminating notice, (3) order Defendants to provide names

3

(4:22CV1337)

and contact information for all potential opt-in plaintiffs within 14 days of the court's order, and (4) authorize a 60-day opt-in period." ECF No. 6 at PageID #: 201.

Defendants argue that Plaintiffs failed to plausibly allege a minimum wage claim. *See* ECF No. 11. Defendants also argue that Plaintiffs have waived their right to pursue their claims on a class wide basis due to the Plaintiffs' executed arbitration agreements. *See* ECF No. 11. Defendants further argue that Plaintiffs have failed to allege that their average hourly wage fell below minimum wage in any workweek. *See* ECF No. 11 at PageID #: 311-14.

The merits of Plaintiffs' Complaint are not to be assessed at this point in the litigation. In considering the motion for conditional certification, the Court does not exceed the scope of examining whether the proposed class is similarly situated. *See Boyd v. Schwebel Baking Co.*, No. 4:15CV0871, 2016 WL 3555351, at *4 (N.D. Ohio June 30, 2016).

Given the two-step process for determining whether a proposed class is "similarly situated," and that discovery has yet to take place, the Court simply looks to whether Plaintiffs have made the requisite modest factual showing that the parties are similarly situated. The Complaint (ECF No. 1) alleges, "[a]ll delivery drivers at the Defendants' Papa John's stores, including Plaintiffs, have been subject to the same employment policies and practices, including policies and practices with respect to wages and reimbursement for expenses." ECF No. 1 at PageID #: 3. Defendants' Answer (ECF No. 7) lends support to Plaintiffs' allegation by repeatedly making reference to the existence of "other similarly situated employees." *See, e.g.*, ECF No. 7 at PageID #: 234, 244, 248. Therefore, the Court finds that Plaintiffs have met the burden to support the existence of a similarly situated class. That class is, hereby, conditionally certified.

(4:22CV1337)

### B. Arbitrability

Defendants also argue that Plaintiffs are barred from pursuing a collective action due to a waiver of rights stemming from the arbitration agreements which read as follows:

> THE COMPANY AND I WAIVE ANY RIGHT FOR ANY DISPUTE TO BE BROUGHT, HEARD, DECIDED OR ARBITRATED AS A CLASS AND/OR COLLECTIVE ACTION and the arbitrator will have no authority to hear or preside over any such claim ("Class Action Waiver").

ECF No. 11 at PageID #: 314.  Citing case law from the Fifth and Seventh Circuit Courts of Appeal, Defendants assert that the Court should refrain from authorizing notice to individuals who have entered arbitration agreements waiving their right to join an action such as this one currently before the Court.  *See* ECF No. 20 at PageID #: 452-454.  Defendants maintain that the Court must afford Defendants the opportunity to make the showing of which individuals entered the agreements.  *See* ECF No. 20 at PageID #: 454.

Contrarily, Plaintiffs argue that the Court is not at liberty to assess the relevance of arbitration agreements when making conditional certification determinations because that would amount to a merit-based determination, premature at this stage of litigation. *See* ECF No. 13 at PageID #: 388-390.  Furthermore, Plaintiffs assert that depriving employees of notice and the ability to present themselves in court would make it "impossible to tell (1) whether the employer actually has valid arbitration agreements as to those workers or (2) whether the employer will enforce those agreements or waive their right to do so."  ECF No. 21 at PageID #: 470.  Plaintiffs also maintain that the onus is on Defendants to prove the validity and enforceability of the arbitration agreements.  *See* ECF No. 21 at PageID #: 471.

While both parties supplemented their respective positions with case law from different circuit and district courts, they are reminded that the Court is only bound by the

(4:22CV1337)

opinions of the Sixth Circuit Court of Appeals and the Supreme Court of the United States. S*ee* Hillman Power Co., LLC v. On-Site Equip. Maint., Inc., 582 F. Supp. 3d 511, 515-16 (E.D. Mich. 2022). As it stands, "[i]t is unresolved in [the Sixth Circuit] to what extent a district court should consider arbitration agreements when ruling on motions to conditionally certify a collective action." Holder v. A&L Home Care & Training Ctr., LLC, 552 F. Supp. 3d 731, 748 (S.D. Ohio 2021). The Court, therefore, maintains the right to assess the relevance of the arbitration agreements at any stage of the litigative process. Id. ("There is also a substantial ground for difference of opinion" among district courts.); s*ee e.g.*, York v. Velox Express, Inc., 524 F. Supp. 3d 679 (W.D. Ky. 2021).

"The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 75 (2013) (internal citations omitted). This authorization will neither dilute the employer-employee bargain pertaining to arbitration, nor will it deprive Defendants of their opportunity to show that putative members of the class agreed to arbitration. Should it be determined that employees have signed an agreement to arbitrate rather than litigate, and the agreements are valid and enforceable, Defendants will maintain the right to exclude those employees from this litigation and proceed with arbitration. The existence of possible arbitration agreements does not serve as a barrier to granting conditional certification.

### C. Modifications

Alternatively, after a finding that Plaintiffs have met their burden for conditional certification, Defendants request that the Court modify Plaintiffs' proposed class, Notice and

6

(4:22CV1337)

Consent Form. *See* ECF No. 11 at PageID #: 317-20. The Court grants in part Defendants' request.

1. **Language of Notice and Consent Form**

    a. Section 2 of the Notice shall read as follows:

    The plaintiff alleges that the Papa John's Pizza stores owned by Defendants have violated the wage laws in the following ways:

    - The Papa John's Pizza stores require their delivery drivers to drive their personal cars to complete deliveries for them;
    - Plaintiffs allege Defendants have violated wage and hour laws by failing to pay delivery drivers at or above the federal minimum wage. Defendants deny these allegations and claim they did not violate any wage and hour law.

    Plaintiffs allege that the Papa John's Pizza stores applied these policies at each of their locations, and therefore seeks payment of unpaid back wages and unreimbursed expenses, in addition to other relief, including double damages, attorneys' fees, and costs for all of Papa John's Pizza's delivery drivers.

    Although this notice and its contents have been authorized by the Court, the Court takes no position regarding the merits of Plaintiffs' claims or the Papa John's Pizza stores' defenses.

    b. Section 3 of the Notice shall be modified as agreed by the parties[1]:

    **If you submit an opt-in form (included with this Notice), you become part of the case. If you decide you want to become part of the case, you should return your Consent Form as soon as possible because the statute of limitations (the time period in which you have to file a claim) is running on your claims.** If you decide to join this lawsuit, you may be required to participate in written discovery and may be required to appear for deposition and/or trial. If the workers later receive money or other benefits in the lawsuit, you keep the possibility of being eligible for those awards under federal law. But you give up any rights to sue the Papa John's Pizza stores separately for the same federal law claims in this lawsuit. You will be bound by any judgments or decisions in the

---

[1] Includes a grammatical correction.

(4:22CV1337)

> case, and you agree to allow the named Plaintiffs to make decisions
> on your behalf regarding the litigation.

ECF No. 13 at Page ID#: 392-93.

### 2. No Modification to Scope or Date of Proposed Class, Et Al.

Defendants argue that the scope of the proposed class must be reduced. *See* ECF No. 11. Furthermore, Defendants allege that the date used to create the class is improper. *See* ECF No. 11. In support of these arguments, Defendants note that the scope of the proposed Notice should only include employees "who are delivery drivers who worked at the Danville, Illinois location, the Green Street location in Champaign, Illinois, or the Jacksonville, Florida, location where Plaintiffs worked and about which they have personal knowledge." ECF No. 11 at PageID #: 317-18. Narrowing the scope of the proposed Notice is premature, at this time. "[I]ndividual notice to identifiable class members is not a discretionary consideration to be waived in a particular case." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 157 (1974). If certain claims are later determined to be time-barred, Defendants retain the right to move to have those individuals excluded from this case without fear of suffering prejudice.

Defendants remaining modifications, including the request to be excused from providing telephone numbers of the opt-in plaintiffs and removal of the name "Papa Johns," among others, are rejected. The Court finds those modifications unnecessary, capable of confusing opt-in plaintiffs and, as a result, likely to cloud the decision-making process of those considering joining this action.

### IV. Conclusion

Having ruled that the instant FLSA collective action is conditionally certified, the Court grants Plaintiffs' Motion to Send Notice to Similarly Situated Employees (ECF No.

8

(4:22CV1337)

6). Plaintiff's proposed Notice and Consent Form is modified in accordance with **Attachment A** to this Order.[2]

Specifically, (1) Plaintiffs shall send the approved Notice of this action to the delivery drivers who have worked at Defendants' Papa John's stores dating back three years prior to the filing of the Complaint (ECF No. 1), (2) the Notice shall be in accord with this Order and disseminated as proposed by Plaintiffs, (3) Defendants shall provide names and contact information for all potential opt-in plaintiffs within 14 days of the date of this Order, and (4) the day opt-in period shall persist for 60 days from the date Notice and Consent Forms are disseminated.

Furthermore, within 14 days of the date of this Order, the parties shall jointly submit a single proposed Case Management Plan suggesting specific cutoff dates, within the Northern District of Ohio's Standard Track, to manage this litigation going forward. *See* ECF No. 15.

IT IS SO ORDERED.

| | |
|---|---|
| February 17, 2023 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[2] Counsel shall review and make stylistic or grammatical corrections to the Notice and Consent Form, as needed. **Attachment A** is meant as a substantive guide only. The parties should also note that the Court removed the statement: "The U.S. District Court appointed the firm to represent the other delivery drivers in this action." from the Notice because it is factually incorrect.

9